## John Doherty *vs.* John M. Clark.

Sureties in a bond given by one who is arrested on a complaint under the bastardy act, for his appearance to answer thereto in the superior court, have no authority to surrender their principal to the jailer, and the jailer has no authority to detain him in jail upon such surrender.

The oath for the relief of poor debtors cannot be administered, under Gen. Sts. *c.* 72, § 11, to one who is imprisoned on a complaint under the bastardy act, except after thirty days' notice to the complainant; and such notice cannot be issued until the prisoner has been imprisoned for ninety days.

One who is arrested on a complaint under the bastardy act, and imprisoned for ninety days under the order of a police court or magistrate for failure to give bond for his appearance to answer thereto in the superior court, is not entitled to the benefit of the acts for the relief of poor debtors.

Hoar, J. This writ of habeas corpus was returned before a judge at chambers, and, after a hearing, adjourned before the whole court for the determination of questions of law.

It appears by the return that John Doherty, upon a complaint under the bastardy act, (Gen. Sts. *c.* 72,) had been ordered by the police court of Boston to give a bond for his appearance t answer to the prosecution upon that charge at the July term of the superior court for civil business, 1861; that he gave a bond with sureties on the 27th of May 1861; that the sureties therein surrendered him to the jailer on the 27th of August 1861; and that the jailer claims to retain him in custody by reason of that surrender

Doherty *v.* Clark.

It further appears that, after a notice and hearing, the oath prescribed for the relief of poor debtors committed on execution was administered to him by a commissioner of insolvency on the 13th day of December, 1861.

If the right of the prisoner to be discharged depended upon his having been admitted to take the oath after an imprisonment for ninety days, under the provisions of Gen. Sts. *c.* 72 § 11, there would be two conclusive reasons against it. In the first place, a prisoner must have been imprisoned for ninety days before his right to apply to the commissioner to take the oath arises; and before that time the commissioner of insolvency has no authority to appoint a time for taking the oath, or issue a notice to the complainant. And as the complainant is to have thirty days' notice, the requisite time had not elapsed between the day when he was surrendered to the jailer and the day when the oath was administered.

Secondly, we think the right to the benefit of the laws for the relief of poor prisoners committed on execution, after an imprisonment for ninety days, for having failed to comply with the order of the court, applies only in the case of orders of the superior court, at which the prisoner has been required to give bond to appear and answer, and not to any order of the magistrate or court to which the original warrant is returnable.

But these points become unimportant, because the imprisonment was unlawful in its inception. The sureties in the bond had no authority to surrender their principal to the jailer, or anywhere except to the court, who might order a new bond to be taken, and commit the defendant until it should be given. This was decided in the case of *M'Hugh, Petitioner,* 3 Cush. 452, upon the construction of the Rev. Sts. *c.* 49, § 2, which is to the same effect as Gen. Sts. *c.* 72, § 5, and governs the present case

*Let the prisoner be discharged.*

*L. Gray,* for the petitioner.

*J. G. Locke,* for the respondent.